UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br><br>           Plaintiff,<br><br>   v.<br><br>SWEET 2017, LLC,<br><br>           Defendant. | No.  2:20-cv-02181-JAM-DB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND[1]

    Plaintiff suffers from cerebral palsy, which substantially limits his ability to walk.  First Am. Compl. ("FAC") ¶ 1, ECF No. 13.  As such, he uses a wheelchair, walker, or cane for mobility.  Id.  Plaintiff allegedly planned to make a trip to the Sacramento area in December 2020.  Id. ¶ 14.  He chose the Wyndham Garden hotel ("the Hotel") owned by Defendant Sweet 2015 LLC ("Defendant"), because it was at a desirable price and location.  Id. ¶ 15.  But when he attempted to book an accessible

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for May 4, 2021.

1

room at that location he found "there was insufficient data or details about the accessible guestrooms to give him the ability to independently assess whether any of the guestrooms worked for him." Id. ¶ 18.  Specifically, Plaintiff contends he needs to know (1) that the doorways have 32 inches of clear width; (2) that there is at least 30 inches width on the side of the bed; (3) the height of the toilet is between 17-19 inches and has the two required grab bars to facilitate transfer; (4) that the sink provides knee clearance, any plumbing is wrapped with insulation, and whether the mirror is mounted at an appropriate wheelchair height; and (5) the type of shower, whether it has a seat, grab bars, detachable hand held shower wand, and that the accessories are all within 48 inches height.  Id. ¶ 26. Plaintiff then brought this action for violations of the Americans with Disability Acts and Unruh Civil Rights Act.  See generally id.  Defendant moved to dismiss both these claims. Mot. to Dismiss ("Mot."), ECF No. 18.  Plaintiff opposed this motion.  Opp'n, ECF No. 22.  Defendant replied.  Reply, ECF No. 24.  For the reasons set forth below, the Court GRANTS Defendants Motion to Dismiss.

II.   OPINION

A.   Legal Standard

Dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure when a plaintiff's allegations fail "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss [under Rule(b)(6)] a complaint must contain sufficient factual matter, accepted as

2

1  true, to state a claim for relief that is plausible on its
2  fact." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal
3  quotation marks and citation omitted). While "detailed factual
4  allegations" are unnecessary, the complaint must allege more
5  than "[t]hreadbare recitals of the elements of a cause of
6  action, supported by mere conclusory statements." Id. "In sum,
7  for a complaint to survive a motion to dismiss, the non-
8  conclusory 'factual content,' and reasonable inferences from
9  that content, must be plausibly suggestive of a claim entitling
10 the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d
11 962, 969 (9th Cir. 2009).

13     B.   Judicial Notice
14     Defendants have requested the Court take judicial notice
15 of: (1) the consent decree entered in United States v. Hilton
16 Worldwide Inc., No. 10-1924 (D.D.C. Nov. 29, 2010) (Ex. 1);
17 (2) the consent decree entered in Harris v. Wyndham Hotel Group,
18 LLC, et al., No. 5:16-cv-04392-BLF (N.D. Cal. Feb. 20, 2018)
19 (Ex. 2); (3) a list of Plaintiff's cases filed in federal court
20 (Ex. 3); and (4) a copy of the accessible room descriptions on
21 the Hotel's Website (Ex. 4). Def.'s Req. for Judicial Notice
22 ("RJN"), ECF No. 19.
23     Plaintiff only objects to the request for judicial notice
24 of the list of his cases filed in other courts, arguing it is
25 not relevant. Opp'n at 1. While documents filed in other
26 courts are proper subjects of judicial notice, Reyn's Pasta
27 Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir.
28 2006), his litigation history is not relevant. Love v. Marriott

3

1  Hotel Services, Inc., 20-cv-07137-TSH, 2021 WL 810252 at *3
2  (N.D. Cal. March 3, 2021); see also D'Lil v. Best W. Encina
3  Lodge & Suites, 538 F.3d 1031, 1040 (9th Cir. 2008) ("[W]e
4  cannot agree that [plaintiff's] past ADA litigation was properly
5  used to impugn her credibility.")  Accordingly, the Court
6  declines to take judicial notice of Exhibit 3.
7      Websites and their contents may also be proper subjects for
8  judicial notice.  Threshold Enterprises Ltd. v. Pressed Juicery,
9  Inc., 445 F.Supp.3d 139, 146 (N.D. Cal. 2020).  Further, under
10 the doctrine of incorporation by reference, the Court may
11 consider not only documents attached to the complaint, but also
12 documents that the complaint necessarily relies upon.  United
13 States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  Thus, the
14 Court GRANTS Defendant's request for judicial notice of Exhibit
15 4.
16     Finally, the consent decrees are proper subjects of
17 judicial notice as matters of public record.  See Harris v. Cty.
18 of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).  Therefore,
19 Defendant's request for the Court to take judicial notice of
20 Exhibits 1 and 2 is also GRANTED.
21     C.   ADA Claim
22     Plaintiff claims Defendant's reservation system violates 28
23 C.F.R. § 36.302(e), often referred to as the "reservation rule",
24 which requires that public accommodations "[i]dentify and
25 describe accessible features in the hotels and guest rooms
26 offered through its reservations service in enough detail to
27 reasonably permit individuals with disabilities to assess
28 independently whether a given hotel or guest room meets his or

4

her accessibility needs." § 36.302(e)(1)(ii).

Plaintiff argues that because Defendant's website does not provide sufficient detail about the Hotel's accessible features to allow Plaintiff, a wheelchair user, to make an independent assessment of whether the rooms would meet his needs, it violates the reservations rule. FAC ¶ 29. Specifically, Plaintiff contends he needs to know: (1) that the doorways have 32 inches of clear width; (2) that there is at least 30 inches width on the side of the bed; (3) the height of the toilet is between 17-19 inches and has the two required grab bars to facilitate transfer; (4) that the sink provides knee clearance, any plumbing is wrapped with insulation, and whether the mirror is mounted at an appropriate wheelchair height; and (5) the type of shower, whether it has a seat, grab bars, detachable hand held shower wand, and that the accessories are all within 48 inches height. Id. ¶ 26

The United States Department of Justice's commentary to the reservation rule, however, states that "a reservations system is not intended to be an accessibility survey." 28 C.F.R. Pt. 36, App. A, "Title III Regulations 2010 Guidance and Section-by-Section Analysis" (the "2010 Guidance"). The 2010 Guidance states that "[f]or hotels that were built in compliance with the 1991 Standards, it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g. roll-in shower), and communications features available in the room (e.g., alarms and

1  visual notification devices).  Based on that information, many
2  individuals with disabilities will be comfortable making
3  reservations."  Id.  This Court accords deference to the DOJ's
4  construction of the reservations rule.  See Fortyune v. City of
5  Lomita, 766 F.3d 1098, 1104 (9th Cir. 2014) ("The DOJ's
6  interpretation of its ADA implementing regulations is entitled
7  to controlling weight unless it is plainly erroneous or
8  inconsistent with the regulation.")

9   This is exactly what Defendant has done here.  The website
10 contains a list of "Accessible Amenities," which affirmatively
11 identifies which of the Hotel's major common areas are
12 accessible.  FAC ¶ 19.  With respect to the accessible
13 guestrooms, each description indicates the type of room, the
14 size and number of beds, that the room is mobility, hearing
15 impaired, and wheelchair accessible, and describes the type of
16 accessible bathing fixture.  FAC ¶ 23; RJN Ex. 4.  Additionally,
17 the website specifies that the accessible guestroom doorways are
18 32 inches wide.  FAC ¶ 19.

19  This Court, as it has in the past, joins numerous other
20 district courts in finding this is sufficient to comply with the
21 ADA and reservations rule.  See e.g. Whitaker v. LL South San
22 Francisco, L.P, et al., 21-cv-00632-HSG, 2021 WL 2291848 (N.D.
23 Cal. June 4, 2021); Garcia v. Heritage Inn of Sacramento, LLC,
24 2:20-cv-02191-JAM-AC, 2021 WL 1253346 (E.D. Cal. April 5, 2021);
25 Garcia v. Gateway Hotel L.P., CV 20-10752 PS (GJSx), 2021 WL
26 936176 (C.D. Cal. Feb. 25, 2021).  As the Court in Garcia v.
27 Gateway Hotel L.P. explained "[w]hile Plaintiff argues that
28 claiming something is accessible is a conclusion or opinion, the

6

term 'accessible' is specifically defined in the ADAAG to describe a site, building, facility, or portion thereof that complies with these guidelines.  Thus, the Defendant's use of the term 'accessible' is not merely conclusory, it means that the features in the hotel defined by Defendant as 'accessible' comply with the ADAAG." Garcia v. Gateway Hotel L.P., 2021 WL 936176 at *4 (internal quotation marks and citation omitted).

Further while Plaintiff would like additional information to determine whether the room is suitable for his own needs, which he contends would not be too onerous of a task, he doesn't consider the fact that other people with different disabilities may require different information.

> Plaintiff may think these five sentences are the most important, [but] another may think that the slope is the most important thing a website should include.  Yet another might think that the weight of the doors should be included on a hotel's website.  In short, each individual plaintiff may have a separate list of the most important things to list from the ADAAG on the hotel's website, such that, in the end, a hotel would be required to state on their website whether their facilities comply with each and every requirement of the ADAAG which is more than 250 pages long.  Plaintiff cannot simply cherry pick a handful of regulations he thinks are the most important and argue that information is what the law requires. Id. at *5.

As the DOJ 2010 Guidance suggests, if Plaintiff requires additional information in order to confidently book a room, he may contact the hotel for more information.  28 C.F.R. Pt. 36, App. A.  For all these reasons, the Court finds Plaintiff has failed to state a claim that Defendant's website violates the ADA.  Accordingly, Plaintiff's ADA claim is DISMISSED WITH PREJUDICE, as the Court finds amendment would be futile.

D. <u>Unruh Claim</u>

Plaintiff also asserts a claim under California's Unruh Civil Rights Act, predicated on the violations of the ADA. FAC ¶¶ 43, 44 (alleging that Defendant violated the Unruh Act by "failing to comply with the ADA.") Because Plaintiff fails to state a claim under the ADA, the dependent Unruh Act claims must also be dismissed. <u>See</u> <u>Cullen v. Netflix, Inc.</u>, 600 F.App'x. 508, 509 (9th Cir. 2015) (where ADA claim was properly dismissed, analog "ADA-predicated [. . .] Unruh Civil Rights Act claim fail[s] as a matter of law.") Thus, Plaintiff's Unruh Civil Rights Act claims is also DISMISSED WITH PREJUDICE.

III.   ORDER

For the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss. Both of Plaintiff's claims are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: June 11, 2021

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

8